UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUHONG ZHAO,<br><br>                          Petitioner,<br><br>        v.<br><br>FERETI SEMAIA, *et al.*,<br><br>                          Respondents. | Case No. 5:26-cv-01418-FLA (DTB)<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR RESPONSE TO PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 3]** |

On March 24, 2026, Petitioner Shuhong Zhao ("Petitioner") filed the subject Application for Temporary Restraining Order ("Application"), requesting the court issue a temporary restraining order directing Respondents to, *inter alia*: "(1) immediately release Petitioner Shuhong Zhao from custody under the same conditions previously in place, without imposing any more restrictive conditions of supervision; (2) in the alternative, provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 7 days[.]" Dkt. 3 at 1–2.

The court sets the following briefing schedule on the Application. Respondents' response to the Application shall be filed on or before April 7, 2026. *See* Local Civil Rule App. C(2). Petitioner's deadline to file a reply shall be April 14, 2026. The Application shall be taken under submission as of April 14, 2026, and the

court will set the matter for hearing if the court deems one necessary or appropriate. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

To preserve the court's jurisdiction pending a ruling in this matter, it is **ORDERED** that Petitioner shall not be removed from the United States unless and until this court orders otherwise. *See Cal. Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) ("The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to issue writs of mandamus necessary to protect their prospective jurisdiction."); *see also Belbacha v. Bush*, 520 F.3d 452, 455–56 (D.C. Cir. 2008) ("If a case presents a 'substantial' jurisdictional question, then under the All Writs Act, 28 U.S.C. § 1651, a district court may act to preserve its jurisdiction while it determines whether it has jurisdiction.").

Further, given Petitioner's interest in participating in further proceedings before this court and maintaining adequate access to legal counsel throughout the duration of these proceedings, it is **ORDERED** that Petitioner shall not be transferred outside this District absent further order from this court. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (holding "the District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief").

IT IS SO ORDERED.

Dated: March 31, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

2