UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUHONG ZHAO,<br><br>                      Petitioner,<br><br>          v.<br><br>FERETI SEMAIA, *et al.*,<br><br>                      Respondents. | Case No. 5:26-cv-01418-FLA (DTB)<br><br>**ORDER GRANTING IN THE ALTERNATIVE PETITIONER'S APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. 3]** |

### **RULING**

On March 24, 2026, Petitioner Shuhong Zhao ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging her immigration detention as a violation of the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act, and applicable federal regulations.  Dkt. 1.

On March 24, 2026, Petitioner filed the subject Application for Temporary Restraining Order ("Application"), requesting the court issue a temporary restraining order directing Respondents to:

> (1) immediately release Petitioner Shuhong Zhao from custody under the same conditions previously in place, without imposing any more restrictive conditions of supervision; (2) in the alternative, provide Petitioner with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 7 days, at which the government bears the burden of establishing by clear and convincing evidence that continued detention is necessary to prevent flight risk or protect the public, which would provide a significantly lesser level of due process protection than the immediate release to which Petitioner submits she is entitled; (3) return Petitioner's personal belongings; (4) upon release, refrain from imposing conditions of supervision more restrictive than those previously in place, including the imposition of electronic monitoring, absent a hearing consistent with due process; (5) refrain from transferring, re-arresting, or re-detaining Petitioner absent lawful process, including a pre-deprivation hearing before a neutral decisionmaker at which the government establishes by clear and convincing evidence that detention is appropriate to prevent flight or protect the public; and (6) if Respondents choose to conduct such a hearing, provide Petitioner with reasonable advance notice of the time and place of the hearing.

Dkt. 3 at 1–2.

On March 31, 2026, the court issued an Order setting a briefing schedule on the Application.  Dkt. 6.  On April 7, 2026, Petitioner filed a Response to the Application, stating: "Respondents are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time."  Dkt. 8 at 2.

As Respondents do not oppose Petitioner's request for an individualized bond hearing, the court hereby GRANTS the Application in the alternative and ENJOINS Respondents from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration court, pursuant to 8 U.S.C. § 1226(a), within seven (7) days of the date of this Order.  The parties shall file a joint statement within seven (7) days of Petitioner's individualized bond hearing or release from detention, identifying what issues remain in dispute, if any, and addressing why the Petition and this action should not be dismissed as moot.

IT IS SO ORDERED.

Dated: April 21, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge

3