UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHUHONG ZHAO,<br><br>                          Petitioner,<br><br>      v.<br><br>FERETI SEMAIA, *et al.*,<br><br>                       Respondents. | Case No. 5:26-cv-01418-FLA (DTB)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AS MODIFIED [DKT. 14] AND GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

On March 24, 2026, Petitioner Shuhong Zhao ("Petitioner," A# 241-914-613) filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging her immigration detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and applicable federal regulations. Dkt. 1.

On May 22, 2026, the assigned Magistrate Judge issued a Report and Recommendation ("Report"), recommending this court find Petitioner is entitled to *habeas* relief based on Respondents' failure to file an Answer to the Petition. Dkt. 14 at 6. The Magistrate Judge, thus, recommended this court enter Judgment:

/ / /

(a) Ordering Petitioner's immediate release from custody, subject to her previous conditions of supervision, and the return of all property confiscated from her during her arrest and processing into detention; (b) declaring that [U.S. Immigration and Customs Enforcement's ("ICE")] redetention of Petitioner violated the Due Process Clause of the Fifth Amendment and federal law; and (c) enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf in concert or in participation with them, from (i) redetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community; and (ii) removing Petitioner to any country without appropriate notice and an opportunity to be heard in accordance with any applicable ICE regulations[.]

*Id.* at 7.  The Report is incorporated into this Order by reference, except as specified below.

On May 28, 2026, Respondents filed Objections to the Report, in which they argue the Report "exceeds the permissible scope of habeas relief under 28 U.S.C. § 2241" and "erred by recommending that upon release Respondent be enjoined from: '[R]edetaining Petitioner without notice and a predetention hearing before a neutral arbiter at which the government bears the burden of proving that Petitioner is a flight risk or danger to the community.'"  Dkt. 16 at 2 (quoting Dkt. 14 at 7).  According to Respondents, "the [Report's] open-ended injunction putting limitations on Respondents' ability to re-detain Petitioner reaches every future Attorney General custody decision, including any decision to take Petitioner into custody to effectuate a removal order," violates 8 U.S.C. § 1252(g), and is overbroad.  *Id.* at 3.  Respondents do not present any argument or reasoned objection to the recommendations that this court: (1) declare Petitioner's re-detention violates the Due Process Clause of the Fifth Amendment and federal law, and (2) order Petitioner to be released immediately.  *See* Dkt. 16.

On May 29, 2026, Petitioner filed a Response to the Objections, arguing the recommended injunction is appropriate because "courts have repeatedly found that this type of due process violation warrants not only immediate release but also

injunctive relief prohibiting further unconstitutional re-detention absent adequate procedural protections." Dkt. 17 at 2 (citing, *e.g., Medrano-Rocha v. Santacruz*, 817 F. Supp. 3d 871 (C.D. Cal. 2026)).

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the Report, Respondents' Objections, Petitioner's Response to the Objections, and all relevant portions of the docket. Having made a *de novo* determination of those portions of the Report to which objections have been made, the court concurs with, accepts, and adopts the findings, conclusions, and recommendations of the Magistrate Judge, as modified and clarified below.

IT THEREFORE IS ORDERED that Judgment be entered:

(a)  ordering Petitioner Shuhong Zhao's (A# 241-914-613) immediate release from custody, subject to her previous conditions of supervision, and the return of all property confiscated from her during her arrest and processing into detention;

(b)  declaring that ICE's re-detention of Petitioner violated the Due Process Clause of the Fifth Amendment and federal law; and

(c)  enjoining Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf in concert or in participation with them, from:

(i)   re-detaining Petitioner without notice and a pre-detention hearing before a neutral arbiter at which the government bears the burden of proving Petitioner is a flight risk or danger to the community, prior to and absent the issuance of a final order of removal;

(ii)  re-detaining Petitioner without full compliance with federal law and all applicable regulations, including 8 C.F.R. §§ 241.4 and 241.13(i), if a final order of removal is issued; and

(iii) removing Petitioner to any country without appropriate notice and an opportunity to be heard, in full compliance with federal law and all

3

applicable regulations.

Respondents are additionally ORDERED to file notice of compliance within one (1) business day of Petitioner's release from custody.

IT IS SO ORDERED.

Dated: June 22, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

4